**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Falbo, individually and on behalf of all others similarly situated | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17 C 3740 |
| Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, and USI Solutions, Inc., a Delaware corporation, | ) | |
| Defendants. | ) | Jury Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff, Michael Falbo, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendants reside here.

**PARTIES**

3. Plaintiff, Michael Falbo ("Falbo"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a consumer debt, which he allegedly owed originally to Wells Fargo for a private student

loan.

4. Defendant, Dynamic Recovery Solutions, LLC ("Dynamic"), is a South Carolina limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Dynamic operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Dynamic was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, USI Solutions, Inc. ("USI"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant USI operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant USI was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant USI is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Dynamic.

7. Defendants Dynamic and USI are each authorized to conduct business in Illinois, and maintain registered agents here, see, record from the Illinois Secretary of

State, attached as Exhibit Group A. In fact, both Defendants conduct business in Illinois.

8. Moreover, Defendant Dynamic is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, both Defendants act as a debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. In 2006, due to his financial circumstances, Mr. Falbo was unable to pay Wells Fargo for a private student loan. At some point after that debt became delinquent, it was allegedly purchased/obtained by USI, which tried to collect upon it by having Defendant Dynamic send Mr. Falbo a collection letter, dated June 3, 2016, demanding payment of this debt. A copy of this letter is attached as Exhibit C.

10. This letter repeatedly urged him to "resolve" the debt, via various settlement options, payment of which would result in the account being considered "satisfied and closed". The letter belatedly stated:

> The law limits how long you can be sued on a debt. Because of the age of your debt, USI SOLUTIONS, INC. will not sue you for it. If you do not pay the debt, USI SOLUTIONS, INC. may report it to the credit reporting agencies as unpaid. If you make a partial payment on this account it may restart the statute of limitations on this account.

* * *

On the back of the letter, to further confuse the issue, was an additional statement that:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

* * *

See, Exhibit C.

11. The letter failed to state specifically that Dynamic could not sue on the debt; moreover, by stating that USI or "we" (without stating who "we" included) "will not" sue, rather than "cannot" sue, the letter implied that Defendants still had the option to take that action, and that they were simply choosing not to do so; moreover, the letter failed to foreclose the possibility that Dynamic, as an assignee, could sue. Additionally, by stating that "[I]f you do not pay the debt, USI SOLUTIONS, INC. may report it to the credit reporting agencies as unpaid", Defendants clearly threatened Mr. Falbo with negative consequences if he did not pay the debt, which rendered any message about a decision not to sue ineffective, see, Exhibit C.

12. The statute of limitations in the State of Illinois for collecting the delinquent debt at issue was, pursuant to Illinois Code § 735 ILCS 5/13-205 and 206, either five years (unwritten contract) or ten years (written contract) from the date of the last activity. In that Mr. Falbo made no payment on this account, the debt at issue was time-barred as of the date of Defendants' collection letter.

13. In fact, pursuant to 15 U.S.C. § 1681c(a)(4), neither Defendant could file a delinquent credit report regarding the debt at issue because no such report can be made once 7 years has passed from the date of last activity.

14. The failure of Defendants to disclose effectively that both Defendants could not sue is material. In Illinois, collection agencies like Dynamic can, and do, file collection lawsuits for their clients. Moreover, the false claim that the debt could be credit reported is also material. The lack of a proper disclosure and the claim about credit reporting would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause him or her

to believe Defendants' assertion that the debt needed to be paid.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

17. Plaintiff adopts and realleges ¶¶ 1-16 as if set forth fully in this Count.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

19. Attempts by debt collectors to collect time-barred debts via deceptive collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 2017 U.S. App. LEXIS 5432 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

20. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Dynamic could not sue on the debt; and b) they failed to foreclose that

Defendants could not legally sue, rather than that Defendants had simply chosen not to do so. Moreover, Defendants falsely claimed that the debt could be credit reported when, in fact, no credit report could legally be made.

21. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

22. Defendants' form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

23. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

24. Plaintiff adopts and realleges ¶¶ 1-16 as if set forth fully in this Count.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Dynamic could not sue on the debt; and b) they failed to foreclose that Defendant could not legally sue, rather than that Defendants had simply chosen not to

do so. Moreover, Defendants falsely claimed that the debt could be credit reported when, in fact, no credit report could legally be made.

27. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

28. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

29. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

30. Plaintiff, Michael Falbo, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed originally for a Wells Fargo account, via the same form collection letter that Defendants sent to Plaintiff (Exhibit C), from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

31. Defendants regularly engage in debt collection, using the same form collection letter that they sent Plaintiff Falbo, in their attempts to collect delinquent consumer debts from other consumers.

32. On information and belief, the Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending

other consumers the same form collection letter they sent Plaintiff Falbo.

33. Plaintiff Falbo's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

35. Plaintiff Falbo will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Falbo has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Michael Falbo, individually and on behalf of all other similarly situated, prays that this Court:

1. Certify this matter as a class action, and appoint Plaintiff Falbo as the class representative, and his attorneys as class counsel;

2. Find that Defendants' form collection letter violates the FDCPA;

3. Enter judgment in favor of Plaintiff Falbo and the class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

4. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Michael Falbo, individually and on behalf of all other similarly situated, demands trial by jury.

Michael Falbo, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps___________
One of Plaintiff's Attorneys

Dated: May 19, 2017

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Stacy M. Bardo (Ill. Bar No. 6271913)
Bardo Law, P.C.
22 West Washington Street
Suite 1500
Chicago, Illinois 60602
(312) 219-6980
(312) 219-6981 (FAX)
stacy@bardolawpc.com