IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FALBO, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:17-cv-3740 |
| v. | )<br>) |
| DYNAMIC RECOVERY SOLUTIONS, LLC, a South Carolina limited liability company and USI SOLUTIONS, INC., a Delaware corporation, | )<br>) Judge: John J. Tharp, Jr.<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DYNAMIC RECOVERY SOLUTIONS, LLC'S**
**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

NOW COMES Defendant, Dynamic Recovery Solutions, LLC ("DRS"), by and through its attorneys and for its Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") of Michael Falbo, states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:** Responding to Paragraph 1, DRS admits the cited statutes provide statutory jurisdiction. Notwithstanding this admission regarding jurisdiction provided by the cited statutory provisions, DRS denies all liability associated with the allegations set forth in the Complaint, denies the named Plaintiff or any other consumer has suffered any concrete injury, and denies the named Plaintiff or any other consumer has Article III standing in this case.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendants reside here.

1

**ANSWER:** **Responding to Paragraph 2, DRS admits, based upon the Plaintiff's allegations, venue is proper in this District because the alleged events at issue in the Complaint occurred in this District. DRS denies it resides in Illinois. DRS's state of incorporation and principal place of business is in South Carolina. Notwithstanding an admission regarding venue, DRS denies all liability associated with the allegations set forth in the Complaint and denies Plaintiff maintains constitutional standing.**

## PARTIES

3. Plaintiff, Michael Falbo ("Falbo"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a consumer debt, which he allegedly owed originally to Wells Fargo for a private student loan.

**ANSWER:** **Responding to Paragraph 3, DRS admits Plaintiff alleges the State of Illinois as his place of residence. DRS lacks knowledge or information sufficient to form a belief regarding Plaintiff's actual residence and denies the same. DRS admits that it attempted to recover an outstanding account from Plaintiff for a private student loan. DRS denies any remaining allegations.**

4. Defendant, Dynamic Recovery Solutions, LLC ("Dynamic"), is a South Carolina limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Dynamic operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Dynamic was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER: Responding to Paragraph 4, DRS admits that it is a South Carolina limited liability company. DRS admits that, at certain times and under certain circumstances, it is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6). DRS admits that at certain times, and under certain circumstances, DRS uses the mail and/or telephone in attempts to collect debts. DRS admits that at certain times, and under certain circumstances, it collects debts in the State of Illinois and other states. DRS cannot formulate a response to the remainder of the allegations in the second sentence of this paragraph as "virtually every state" is vague; therefore, DRS denies same. DRS admits that it was attempting to collect a private student loan from Plaintiff and denies the remaining allegations.**

5. Defendant, USI Solutions, Inc. ("USI"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant USI operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant USI was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER: The allegations contained in Paragraph 5 are not directed toward DRS, thus DRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies same.**

6. Defendant USI is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Dynamic.

300161904v1 1310

**ANSWER:** The allegations contained in Paragraph 6 are not directed toward DRS, thus DRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies same.

7. Defendants Dynamic and USI are each authorized to conduct business in Illinois, and maintain registered agents here, see, record from the Illinois Secretary of State, attached as Exhibit Group A. In fact, both Defendants conduct business in Illinois.

**ANSWER:** Responding to Paragraph 7, DRS admits it is authorized to conduct business in Illinois and that it maintains a registered agent in Illinois. DRS admits Page 1 of Exhibit Group "A" attached to the Complaint appears to be a true and correct copy of the DRS record from the Illinois Secretary of State's website, and denies anything inconsistent with the content of Page 1 of Exhibit Group "A". DRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies same.

8. Moreover, Defendant Dynamic is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, both Defendants act as debt collection agencies in Illinois.

**ANSWER:** Responding to Paragraph 8, DRS admits that Exhibit "B" attached to the Complaint appears to be a true and correct copy of a record from the Illinois Department of Financial and Professional Regulation's website and denies anything inconsistent with the content of Exhibit "B". DRS lacks knowledge or information sufficient to respond to allegations involving USI and denies the remaining allegations.

## FACTUAL ALLEGATIONS

9. In 2006, due to his financial circumstances, Mr. Falbo was unable to pay Wells Fargo for a private student loan. At some point after that debt became delinquent, it was

allegedly purchased/obtained by USI, which tried to collect upon it by having Defendant Dynamic send Mr. Falbo a collection letter, dated June 3, 2016, demanding payment of this debt. A copy of this letter is attached as Exhibit C.

**ANSWER: Responding to Paragraph 9, DRS admits sending the correspondence attached to the Complaint as Exhibit "C" and denies anything inconsistent with the content of Exhibit "C". DRS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

10.  This letter repeatedly urged him to "resolve" the debt, via various settlement options, payment of which would result in the account being considered "satisfied and closed". The letter belatedly stated:

> The law limits how long you can be sued on a debt. Because of the age of your debt, USI SOLUTIONS, INC. will not sue you for it. If you do not pay the debt, USI SOLUTIONS, INC. may report it to the credit reporting agencies as unpaid. It you make a partial payment on this account it may restart the statute of limitations on this account.

*.*

On the back of the letter, to further confuse the issue, was an additional statement that:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

See, Exhibit C.

•••

**ANSWER:  To the extent the quotations in Paragraph 10 are accurately cited from Exhibit "C", they are admitted. DRS denies Plaintiff's characterizations of the quotations in Paragraph 10. DRS specifically denies any violations of the FDCPA or any other law.**

5

11. The letter failed to state specifically that Dynamic could not sue on the debt; moreover, by stating that USI or "we" (without stating who "we" included) "will not" sue, rather than "cannot" sue, the letter implied that Defendants still had the option to take that action, and that they were simply choosing not to do so; moreover, the letter failed to foreclose the possibility that ·Dynamic, as an assignee, could sue. Additionally, by stating that "[l]f you do not pay the debt, USI SOLUTIONS, INC. may report it to the credit reporting agencies as unpaid", Defendants clearly threatened Mr. Falbo with negative consequences if he did not pay the debt, which rendered any message about a decision not to sue ineffective, see, Exhibit C.

**ANSWER:** **Paragraph 11 is denied.**

12. The statute of limitations in the State of Illinois for collecting the delinquent debt at issue was, pursuant to Illinois Code § 735 ILCS 5/13-205 and 206, either five years (unwritten contract) or ten years (written contract) from the date of the last activity. In that Mr. Falbo made no payment on this account, the debt at issue was time-barred as of the date of Defendants' collection letter.

**ANSWER:** **DRS denies Plaintiff fully and/or accurately sets forth the law regarding the statute of limitations in Paragraph 12.**

13. In fact, pursuant to 15 U.S.C. § 1681c(a)(4), neither Defendant could file a delinquent credit report regarding the debt at issue because no such report can be made once 7 years has passed from the date of last activity.

**ANSWER:** **Paragraph 13 is denied.**

14. The failure of Defendants to disclose effectively that both Defendants could not sue is material. In Illinois, collection agencies like Dynamic can, and do, file collection lawsuits for their clients. Moreover, the false claim that the debt could be credit reported is also material. The lack of a proper disclosure and the claim about credit reporting would leave the consumer

6

without enough information to make a decision as to what to do about the collection of the debt at issue and cause him or her to believe Defendants' assertion that the debt needed to be paid.

**ANSWER:** **Paragraph 14 is denied.**

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

**ANSWER:** **In responding to Paragraph 15, DRS admits the letter attached to the Complaint as Exhibit "C" was sent by DRS within one year of the filing of Plaintiff's Complaint. All other allegations in Paragraph 15 are denied.**

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** **Paragraph 16 contains a statement and legal conclusion rather than an allegation against DRS. To the extent a response is required, DRS admits that the unsophisticated consumer standard applies in certain circumstances and denies the remaining allegations.**

## COUNT I-
## Violation of § 1692e of The FDCPA
## False, Deceptive or Misleading Collection Actions

17. Plaintiff adopts and realleges Paragraphs 1-16 as if set forth fully in this Count.

**ANSWER:** **DRS incorporates its answers to paragraphs 1-16 as if fully set forth herein.**

18. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited lo, the false representation of the character, amount or legal status

of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

**ANSWER:** **DRS admits Paragraph 18 references 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(5). DRS denies it violated 15 U.S.C. §1692e or any other law.**

19. Attempts by debt collectors to collect time-barred debts via deceptive collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 2017 U.S. App. LEXIS 5432 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

**ANSWER:** **Paragraph 19 references multiple cases and makes an assertion to which no response is required. To the extent a response is required, DRS denies Plaintiff fully or accurately sets forth the law and/or its application to the facts in this case. DRS further denies its letter is deceptive.**

20. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Dynamic could not sue on the debt; and b) they failed to foreclose that Defendants could not legally sue, rather than that Defendants had simply chosen not to do so. Moreover, Defendants falsely claimed that the debt could be credit reported when, in fact, no credit report could legally be made.

**ANSWER:** **Paragraph 20 is denied.**

21. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818. 826 (7th Cir. 2012).

**ANSWER:** **Paragraph 21 is denied.**

22. Defendants' form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

**ANSWER:** **Paragraph 22 is denied.**

23. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:** **Paragraph 23 is denied.**

### COUNT II
### Violation of §1692f of the FDCPA-
### Unfair or Unconscionable Collection Actions

24. Plaintiff adopts and realleges Paragraphs 1-16 as if fully set forth in this Count.

**ANSWER:** **DRS incorporates its answers to Paragraphs 1-16 as if fully set forth herein.**

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C.§ 1692f.

**ANSWER:** **DRS admits Paragraph 25 references 15 U.S.C. §1692f. DRS denies Paragraph 25 accurately characterizes the FDCPA when taken as a whole. DRS denies any violation of the FDCPA.**

26. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Dynamic could not sue on the debt; and b) they failed to foreclose that Defendant could not legally sue, rather than that Defendants had simply chosen not to do so. Moreover, Defendants falsely claimed that the debt could be credit reported when, in fact. no credit report could legally be made.

**ANSWER:** **Paragraph 26 is denied.**

9

27. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox v. CDA, 689 F.3d 818,826 (7th Cir. 2012).

**ANSWER:** **Paragraph 27 is denied.**

28. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

**ANSWER:** **Paragraph 28 is denied.**

29. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:** **Paragraph 29 is denied.**

## CLASS ALLEGATIONS

30. Plaintiff, Michael Falbo, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed originally for a Wells Fargo account, via the same form collection letter that Defendants sent to Plaintiff (Exhibit C), from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

**ANSWER:** **Responding to Paragraph 30, DRS admits that Plaintiff brings this action individually and that he seeks certification of a class, however, DRS denies any such class should be certified pursuant to Rule 23. DRS denies all other allegations set forth in Paragraph 30.**

300161904v1 1310

31. Defendants regularly engage in debt collection, using the same form collection letter that they sent Plaintiff Falbo, in their attempts to collect delinquent consumer debts from other consumers.

**ANSWER:** **DRS admits Exhibit C is a form of a letter it has used and denies the remaining allegations.**

32. On information and belief, the Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Falbo.

**ANSWER:** **DRS admits that Plaintiff attempts to define a putative class in Paragraph 32, denies that such class should be certified pursuant to Rule 23 and denies the remaining allegations in Paragraph 32.**

33. Plaintiff Falbo's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:** **Paragraph 33 is denied.**

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the crass, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the crass not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER:** Paragraph 34 is denied.

35. Plaintiff Falbo will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Falbo has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**ANSWER:** Paragraph 35 is denied.

WHEREFORE Defendant Dynamic Recovery Solutions, LLC respectfully requests that this Court enter judgment in its favor and against Plaintiff on Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") provides a complete affirmative defense often referred to as the "bona fide error defense" at section 1692k(c). *See Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 537 (7th Cir. 2005); *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997). Section 1692k(c) of the Act states:

> A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. 1692k(c).

Plaintiff's Complaint alleges violations of the FDCPA. While DRS has denied any such violation in its answer, it states in the alternative under Rule 8(d)(2), that if any such violation occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Dynamic's procedures

12

include analyzing relevant state and federal law. Defendant's procedures are reasonably adapted to prevent the alleged purported violation of the FDCPA.

**Second Affirmative Defense**

For its Second Affirmative Defense, Defendant states that Plaintiff and/or members of the putative class have not incurred an injury in fact, and do not therefore have standing under Article III of the United States Constitution to bring the instant claims.

                                                  Respectfully submitted,

                                                  DYNAMIC RECOVERY SOLUTIONS, LLC, Defendant

                                                  /s/ Jennifer W. Weller
                                                  Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Email: jweller@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2017, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **Dynamic Recovery Solutions, LLC's Answer to Plaintiff's Class Action Complaint** by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record listed below:

| | |
|---|---|
| David J. Philipps, Esq. | Stacy Michelle Bardo |
| Philipps & Philipps, Ltd. | Bardo Law, P.C. |
| 9760 S. Roberts Road, Suite One | 22 West Washington Street, Suite 1500 |
| Palos Hills, Illinois 60465 | Chicago, IL 60602 |
| davephilipps@aol.com | stacy@bardolawpc.com |

                                                  /s/ Jennifer W. Weller